# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06CV306

| | |
|---|---|
| IRENE GRACE, on behalf of herself and all others similarly situated, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | ORDER |
| FAMILY DOLLAR STORES, INC., ) ) | |
| Defendant. ) ) | |

THIS MATTER is before the Court on Defendant's Motion to Strike Collective Action Allegations (Document #70), Plaintiffs' Motion to Facilitate Notice Pursuant to 29 U.S.C. 216(b) (Document #71), and Plaintiffs' Motion to Expedite Ruling on Motion to Facilitate Notice (Document #72). For the reasons set forth below, Defendant's Motion to Strike Collective Action Allegations is GRANTED and Plaintiffs' Motions to Facilitate Notice and Expedite the Ruling on Motion to Facilitate Notice are MOOT.

This case was transferred from the Middle District of Georgia to the Western District of North Carolina on July 26, 2006.

## BACKGROUND

Defendant Family Dollar is a discount retail store with over 6,400 stores in 44 states. Plaintiff Irene Grace, along the others who have filed consents to become party plaintiffs ("Plaintiffs"), was a store manager for Family Dollar.

Plaintiffs allege Defendant violated §207 of the Fair Labor Standards Act ("FLSA"), which provides an employee engaged in commerce must receive one and a half time their regular rate of pay for hours worked in excess of forty hours a week. Employers are not required to pay these overtime benefits to any employee in an executive, administrative, or professional capacity.

Plaintiffs assert that Family Dollar had a "uniform policy and practice of consistently requiring its store managers to work a minimum of 48-52 hours a week," although they routinely worked well beyond that minimum requirement. Complaint ¶ 8. In their positions, Plaintiffs argue that many of them were improperly characterized as "executive" employees given their job duties. Id. For example, Plaintiffs state that there were a number of stores managers who did not supervise two of more full-time employees for at least 80 hours a week, one of the tests used to determine executive status. Id. Plaintiffs now seek overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

Plaintiffs also ask this Court to certify their claim as a collective action under the FLSA and approve the issuance of notice advising current and former store managers of the opportunity to join this lawsuit.

**DISCUSSION**

The Fair Labor Standards Act provides:

> any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is

brought.

29 U.S.C. §216(b).

Certification of a collective action under §216(b) is a tool of judicial economy and is used to find an "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). Collective actions are only appropriate, however, when plaintiffs are "similarly situated," and a common resolution would be appropriate. See Dybach v. Florida Dept. of Corrections, 942 F.2d 1562 (11th Cir. 1991).

The Fourth Circuit has not offered a definition of "similarly situated." See Bernard v. Household International, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va 2002). Without guidance from the Fourth Circuit, this Court has looked to how other circuit address this question. The Eleventh Circuit, which we find most persuasive, has determined that "a plaintiff bears the burden of establishing that he and the group he wishes to represent are similarly situated." Holt v. Rite Aid Corporation, 333 F.Supp 2d. 1265, 1269 (M.D.Ala. 2004), *quoting* Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). Although the FLSA does not define "similarly situated," this Court adopts the view that a "plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class." Holt, 333 F.Supp.2d at 1270.

In this case, the Court must make two determinations: 1) whether the classification as exempt sufficiently establishes the element of being "similarly situated" and 2) the extent to which the plaintiffs' duties can be applied to other employees. See Id.

With regards to the first question, the Code of Federal Regulations states that an employee is classified as an executive if executive tasks either predominate or define the job or if

more than 50% of the manager's time is spend doing executive tasks. 29 C.F.R. § 541.103. The regulations also offer a short test to determine executive status: 1) the employee is paid more than $250 a week, 2) the employee's primary duty is the management of the enterprise or a subdivision, 3) the employee regularly directs the work of two or more employees. 29 C.F.R. § 541.1(f). Since courts can also consider whether an employee's managerial tasks predominate their position, the regulations offer four additional tests: 1) the relative importance of managerial tasks and collateral assignments, 2) the frequency with which the employee exercises discretion, 3) the freedom from supervision, and 4) the difference in wages paid to hourly associates versus executives. 29 C.F.R. § 541.103.

Here, Plaintiffs argue that they have been improperly classified as exempt employees. Plaintiffs assert that, individually, they performed non-managerial duties for the majority of their working hours. But there is no allegation that the assignment of the duties was Family Dollar's policy, and therefore applicable to each Plaintiff. The duties of a store manager, absent a guiding company policy, would vary from store to store. This Court cannot assume that every store manager at Family Dollar spend a majority of their time doing non-managerial tasks. Such a declaration would require an individualized evaluation of each plaintiff. Plaintiffs' acknowledge that there is variation in the duties performed by the different managers, although they deny that those variations defeat the usefulness of a collective action. Given the variations in duties among managers in different stores, the pleadings do not meet the standard of commonality needed for this Court to find that Plaintiffs are similarly situated.

Moving to the second question, the extent to which the plaintiffs' duties can be applied to other employees, this Court finds itself stymied by the same problem as in the first question. Since each individual manager had different duties at his or her particular store, it is impossible

to apply one plaintiff's duties to another.

**CONCLUSION**

The variations in duty are the very reason why a collective action is inappropriate. A determination of whether or not the plaintiffs are similarly situated would require an fact-specific inquiry into the daily duties of each plaintiff, a determination that defeats the point of a collective action. A collective action is never appropriate for situations where a court must make an individual determination of each plaintiff's day-to-day activities. In this case, the action relates to the personal circumstances of each individual employee, not a generally-applicable policy.

Therefore, Defendant's Motion to Strike Collective Action Allegations is GRANTED and Plaintiffs' Motions to Facilitate Notice and Expedite the Ruling on Motion to Facilitate Notice are hereby MOOT.

The parties are directed to conduct an initial attorneys conference and submit a discovery plan to the court within THIRTY days.

IT IS SO ORDERED.

Signed: September 6, 2007

Graham C. Mullen
United States District Judge