# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:06CV306

|  |  |  |
|---|---|---|
| **IRENE GRACE, on behalf of herself** | ) | |
| **and all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **FAMILY DOLLAR STORES, INC.,** | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS MATTER is before the Court on Plaintiffs' Motion for Reconsideration (Document #79). Plaintiffs ask the Court to reconsider its September 6, 2007 Order, where the Court granted Defendants' Motion to Strike and mooted Plaintiffs' Motion to Facilitate Notice and Motion to Expedite. (Document #78). For the reasons set forth below, this motion is DENIED.

"A motion for reconsideration should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." *Preserve Endangered Areas v. U.S. Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). In *Wiseman v. First Citizens Bank & Trust Co.*, 215 F.R.D. 507 (W.D.N.C. 2003), Judge Thornburg explained that a motion for reconsideration would be appropriate only where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court or by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems

<u>rarely arise and the motion to reconsider should be equally rare</u>.

*Wiseman*, 215 F.R.D. at 509 (emphasis added). Because reconsideration may occur only in these limited circumstances, a party "may not employ a motion for reconsideration as a vehicle to . . . repackage familiar arguments to test whether the Court will change its mind." *Brogdon v. National Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

Here, Plaintiffs's counsel fails to present any new argument to the Court, rather Plaintiffs' counsel uses his motion for reconsideration as a forum to merely restate the arguments this Court has heard before. As this Court has said, "it is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through – rightly or wrongly." *Whisnant v. JP Morgan Chase Bank*, 2005 U.S. Dist. LEXIS 41215, at *12 (W.D.N.C. Nov. 3, 2005). Since Plaintiffs neither present new evidence nor any changes in the law, Plaintiffs' Motion for Reconsideration is hereby DENIED.

The parties are directed to conduct an initial attorneys conference and submit a discovery plan to the Court within THIRTY days.

IT IS SO ORDERED.

Signed: January 22, 2008

Graham C. Mullen
United States District Judge